TRAXLER, Circuit Judge,
concurring:
I concur in Parts I-V of the opinion. I concur also with my colleagues in the result of Part VI, but I would affirm the district court’s decision to strike the award of punitive damages on a different basis. In my view, the record contains insufficient evidence to support an award of punitive damages. Carson did not present sufficient evidence from which a reasonable jury could conclude, by clear and convincing evidence, that Canada Life’s conduct was “oppressive”, a prerequisite under California law to the recovery of punitive damages in this case. See Cal. Civ.Code § 3294(a) (reserving punitive damages for conduct involving “oppression, fraud, or malice”).
I hesitate to affirm the reasoning of the district court that Carson fails on her punitive damages claim because she did not introduce evidence of Canada Life’s financial position. Only Canada Life is in a position to summarize its financial condition, yet it rebuffed Carson’s attempts at discovery on this issue. After Carson rested her case, and again at the close of all the evidence, Canada Life moved for judgment as a matter of law on punitive damages, but not on the grounds that Carson failed to introduce evidence of its financial condition. Canada Life submitted jointly with Carson a proposed jury instruction on punitive damages that did not include Canada Life’s financial condition as a consideration for the jury. Even after the jury rendered its substantial punitive damages verdict, Canada Life did not raise this failure of proof in its post-trial motion under Rule 50(b). Accordingly, Canada Life’s financial condition was never an issue at trial. Yet, when the district court struck Carson’s substantial award, it did so on the basis that Carson failed to introduce such evidence, even though the jury instruction was lacking and Canada Life did not raise this issue at trial or after trial. In view of these facts, it seems that Carson was sandbagged into the reasonable belief that Canada Life, a large insurance company, had declined to make its ability to afford a punitive damages award an issue in this case. If the record otherwise supported an award of punitive damages, my inclination would be to return the case for a new trial on punitive damages. Since that is not the case, however, I readily concur in the majority opinion.